IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:15-CV-3558-L** |
| § | |
| **MANUEL PADILLA a/k/a Manuel Padilla II,** § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion for Default Judgment, filed February 17, 2016. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.   Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on November 3, 2015, against Manuel Padilla ("Defendant" or "Padilla"). This action arises from the failure of Padilla to make the required payments on loans he obtained in July 17, 1988; March 15, 1990; October 1, 1990; May 20, 1991; and September 29, 1992. The loans were disbursed for $2,625 on May 26, 1989; $836 on March 29, 1990; $1,789 on January 4, 1991; $3,020 on January 6, 1992; and $827 on January 10, 1993, at a variable rate of interest to be established annually by the Department of Education. The loan was guaranteed by Texas Guaranteed Student Loan Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as

amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. Part 682).  After demand of payment by the United States, Padilla defaulted on the loans on February 20, 1994; February 21, 1994; and March 8, 1994.

Padilla was served with a copy of the summons and Complaint on January 14, 2016. Defendant was required to answer or otherwise respond to the Complaint by February 4, 2016, 21 days after service of the summons and Complaint.  *See* Fed. R. Civ. P. 12.  To this date, Padilla has not answered or otherwise responded to the Complaint.

On February 11, 2016, the United States requested the clerk of court to enter a default against Padilla, and the clerk entered default against Padilla the same day.  Plaintiff now requests the court to enter a default judgment against Padilla and award it damages and applicable interest as a result of his default.

## II.    Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.  Fed. R. Civ. P. 55(a).  Under Rule 55(a), a default must be entered before the court may enter a default judgment.  *Id.*; *New York Life Ins. Co. v. Padilla*, 84 F.3d 137, 141 (5th Cir. 1996).  The clerk of court has entered a default against Padilla. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Padilla, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).  Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Padilla is in default and that the United States is entitled to a default judgment and appropriate damages.

**Memorandum Opinion and Order – Page 2**

Based on the record, the total amount that Padilla owed the United States as of October 15, 2015, was $21,879.27 ($9,783.91 in principal and $12,095.36 in interest). Interest accrues on the principal at the rate of $.88 per day. The number of days from October 15, 2015, to February 25, 2016, is 133, which results in additional interest in the amount of $117.04. Therefore, the total amount of judgment to which the United States is entitled is **$21,996.31.**

### III.     Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$21,996.31.** The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 25th day of February, 2016.

*[signature]*

Sam A. Lindsay
United States District Judge